UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERRY LEE LEWIS, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-1395 |
| ) | |
| LYNETTE BOUGHMAN, et. al, ) | |
|    Defendants. ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff has filed a 223-page document including exhibits which was filed as a complaint pursuant to 42 U.S.C.§ 1983. [1]; *See Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse *pro se* plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P 8). Plaintiff was advised if he wished to pursue a lawsuit, he must either pay the filing fee in full or file a motion to proceed *in form pauperis* (IFP). *See* November 13, 2020 Text Order. Plaintiff responded with a motion to proceed IFP. [8, 11].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff has not used a standard complaint form, but has identified twelve Defendants in the caption of his complaint including Mailroom Supervisor Lynette

Boughman, Sergeant Shelia Batton, Officer Jonathan Noble, Counselor Durbin, Health Care Administrator J. Meaker, Nurse Brittany Miller, Dentist Dr. Awada, Dr. Osmundson, Nurse Tracy, Officer Mellisa Rivera, Administrative Review Board Member Sherry Benton, Officer Barbara Shop, and Officer Rob Stachniak.

Plaintiff has entitled his document "Motion seeking protection to put an end to these powerful people attacts and their actions of unlaw corruption…" (Comp., p. 1). Plaintiff then discusses the need for an injunction and provides a list of confusing violations. Plaintiff then mentions an appeal, but it is not clear if this is a continuation of his complaint or an exhibit. Plaintiff further mentions a motion for default judgment. The Court is unable to decipher Plaintiff's intended claims.

Federal Rule of Civil Procedure 8 states complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, "[e]ach allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1). Federal Rule of Civil Procedure 10 also requires the pleader to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10 (b) "The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

In addition, Plaintiff may not seek an injunction without first filing a complaint clearly setting forth his intended claims and Defendants. *See i.e. Strouse v. USP-Marion Warden*, 2020 WL 2063937, at *2 (S.D.Ill. April 29, 2020).

The Court acknowledges "*pro se* litigants are held to a lesser pleading standard than other parties," *Federal Exp. Corp. v. Holowecki,* 552 U.S. 389, 402 (2008); *see also McGowan v. Hulick,* 612 F.3d 636, 640 (7th Cir.2010) (noting that the district court must construe a *pro se* complaint liberally). However, "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Stanard,* 658 F.3d at 798; *Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be granted.")(citations omitted); *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994)("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."); *Johnson v. Village of Brooklyn, IL*, 2015 WL 4148374, at *3 (S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court or Defendants to manage, it shall be dismissed without prejudice.").

Rather than dismiss the *pro se* Plaintiff's complaint, the Court will allow Plaintiff one opportunity to file an amended complaint. See *Lindell,* 352 F.3d at 1110. If Plaintiff chooses to file an amended complaint, he MUST follow the Court's specific directions. First, the complaint must stand complete on its own, and must not refer to any previous filing. Second, Plaintiff must use the complaint form provided. Third, Plaintiff must not include any exhibits, but instead he must clearly state each claim in the body of his complaint. Fourth, Plaintiff's complaint must include numbered paragraphs. Fifth,

each paragraph must clearly and concisely state an intended claim. For instance, Plaintiff should indicate where the allegations occurred, who was involved, when it occurred, and what happened. Plaintiff must clearly state how each named Defendant was involved in his claims.

Plaintiff is also reminded he must not include unrelated claims against different Defendants in one lawsuit. *See George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2). For instance, it is doubtful claims against a Mailroom Supervisor should be combined in the same complaint with claims against a medical provider.

Plaintiff is further reminded he must exhaust his administrative remedies for any claim before he files a lawsuit in Federal Court. *See* 42 U.S.C. § 1997e(a).

Finally, Plaintiff has filed a motion for appointment of counsel. [5]. The motion is denied with leave to renew after Plaintiff clarifies his intended claims. [5].

IT IS THEREFORE ORDERED:

1) Plaintiff's complaint is dismissed for failure to clearly state a claim pursuant to 28 U.S.C. §1915A and as a violation of Federal Rules of Civil Procedure 8 and 10.
2) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his intended claims. [5].
3) If Plaintiff believes he can state a constitutional violation, he must file a proposed amended complaint on or before January 5, 2021. If Plaintiff fails to file

an amended complaint on or before January 5, 2021 or fails to follow the Court's directions, his case will be dismissed.

4) The Clerk is directed to provide Plaintiff with a blank complaint form and to reset the internal merit review deadline within 30 days of this order.

ENTERED this 9th day of December, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE