E-FILED
Monday, 01 February, 2021  10:41:01 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY LEE LEWIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-1395 |
| | ) | |
| LYNETTE BOUGHMAN, et. al, | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to Amend and Motion to Meet the Responsibilities of the U.S. District Court. [ 21, 22]

The Court dismissed Plaintiff's original complaint for failure to clearly articulate a claim pursuant to 28 U.S.C. §1915A and as a violation of Federal Rules of Civil Procedure 8 and 10. *See* December 9, 2020 Merit Review Order.  The Court was unable to decipher the intended claims in Plaintiff's 223-page document. However, the Court allowed Plaintiff an opportunity to file an amended complaint along with directions to assist him.  Plaintiff was specifically admonished he "must not include any exhibits, but instead he must clearly state each claim in the body of his complaint. "December 9, 2020 Merit Review Order, p.  4.  Plaintiff was also advised he could not include unrelated claims against different Defendants in one lawsuit. *See George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [21].  Plaintiff's 90-page Amended Complaint

ignores most of the Court's directions.  The Court is unsure what Plaintiff intended with the first 11 pages which include a confusing combination of Defendants and potential violations.  Plaintiff mentions problems with the law library, the cancelation of a class he was taking, a fabricated disciplinary report, inadequate food, etc.

Page 12 of the proposed amended complaint is the first page of the complaint form the Court provided to Plaintiff.  The next six pages list additional Defendants which appear to be different than those mentioned in the first 11 pages.

The Court has attempted to decipher Plaintiff's intended medical claims listed on pages 20-21 without success.

> For instance, three times has I been rushed to health care. For trying to digest agricultural products…that's not been verify as being purity and germination label guarantees. These samples that fail to pass are declared illegal. And stop-sale orders are initiated. upon harvest for the presence of mycotoxins, a mold that can potentially be harmful to animals and human being. (Amd. Comp., p. 21).

Plaintiff then has a five page section entitled "relief requested" in which he asks for more qualified Medical Staff Members, better dental staff, investigations of the food provided,  nutritionally adequate food, a school academy, an adequate law library, better staff training, other investigations, eliminate private contracts, etc. (Amd. Comp. 22-27).

The remaining pages are a mix of exhibits and documents which appear to identify additional claims. (Amd. Comp. 28-90) .

Plaintiff's separate, Motion to Meet Responsibilities with the U.S. District Court is a rambling account of other difficulties with Plaintiff's incarceration including issues with the grievance procedure. [22].

Plaintiff's Amended Complaint does not correct any of the errors noted in the first complaint. Federal Rule of Civil Procedure 8 requires all complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In other words, "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, ... dismissal of a complaint on the ground that it is unintelligible is unexceptional. Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (internal citations and quotation marks omitted); *see also Fields v. Godinez*, 2018 WL 2416578, at *2 (S.D.Ill. May 25, 2018). Therefore, Plaintiff's amended complaint is dismissed.

"[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011) Leave to replead will not be allowed after "repeated failure to cure deficiencies by

amendments previously allowed." *Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard*, 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Based on Plaintiff's amended complaint, it is not clear Plaintiff will be able to cure the deficiencies in his pleading. Nonetheless, in an abundance of caution since Plaintiff mentions problems with medical care, the Court will allow Plaintiff one FINAL opportunity to file an amended complaint. Plaintiff is admonished he MUST follow the Court's directions. Plaintiff MUST NOT include any exhibits. Instead, Plaintiff's second amended complaint must begin with the first page of the complaint form provided to him. Plaintiff should list all intended Defendants ONE time in the portion of the complaint entitled "Parties."

After identifying his Defendants, Plaintiff should include his claims in numbered paragraphs. Each paragraph should state what happened, when and where it happened, and who was involved. For instance, if Plaintiff is alleging he was denied medical care for a serious medical condition, he should first identify the medical condition. Plaintiff should concisely state why he needed care, who he asked, when and how he asked, what response he received, and any impact it had on his condition.

Finally, Plaintiff is again admonished unrelated matters and different sets of defendants cannot be litigated in the same lawsuit pursuant to Federal Rules of Civil

4

Procedure 18 and 20. See *George v. Smith,* 507 F.3d 605, 606, (7th Cir. 2007)("multiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.) **If Plaintiff continues to include exhibits and ignore the Court's specific directions, his case will be dismissed with prejudice.**

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Leave to Amend is granted pursuant to Federal Ruel of Civil Procedure 15. [21].

2) Plaintiff's amended complaint is dismissed for failure to clearly articulate a claim pursuant to 28 U.S.C. §1915A, as a violation of Federal Rules of Civil Procedure 8 and 10, and for failure to follow the Court's orders.

3) Plaintiff's Motion to Meet Responsibilities with the U.S. District Court is denied. [22].

4) The Court will allow Plaintiff one FINAL attempt to clarify his claims.  If Plaintiff wishes to file a second amended complaint, he must file his complete, proposed complaint within 21 days or on or before February 22, 2021.

PLAINTIFF MUST NOT INCLUDE EXHIBITS.  If Plaintiff fails to file his complaint on or before February 22, 2021 or fails to follow the Court's directions, his case will be dismissed with prejudice.

5) The Clerk is to provide Plaintiff with a blank complaint form and reset the internal merit review deadline within 30 days of this order.

ENTERED this 1st day of February, 2021.

s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE