E-FILED
Friday, 11 June, 2021  10:10:55 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY LEE LEWIS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-1395 |
| | ) | |
| LYNETTE BOUGHMAN, et. al, | ) | |
| Defendants. | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file a second amended complaint. [26].

Plaintiff's initial complaint was dismissed for failure to clearly articulate a claim pursuant to 28 U.S.C. §1915A and as a violation of Federal Rules of Civil Procedure 8 and 10. *See* December 9, 2020 Merit Review Order.  The Court was unable to decipher the intended claims in Plaintiff's 223-page document including exhibits.  Nonetheless, the Court allowed Plaintiff additional time to file an amended complaint along with directions to assist him in clarifying his claims and Defendants. *See* December 9, 2020 Merit Review Order.

Plaintiff's first amended complaint was also dismissed for failure to clearly state a claim pursuant to 28 U.S.C. §1915A and as a violation of Federal Rules of Civil Procedure 8 and 10. *See* February 1, 2020 Merit Review Order.  The Court was again unable to decipher Plaintiff's claims. *See Lindell v. McCallum,* 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal

1

under Fed. R. Civ. P. 8(a) is permitted.... though leave to replead should ordinarily be

granted.")(citations omitted); *Vicom, Inc. v. Harbridge Merchant Services, Inc.,* 20 F.3d 771,

775–76 (7th Cir. 1994)("A complaint that is prolix and/or confusing makes it difficult for

the defendant to file a responsive pleading and makes it difficult for the trial court to

conduct orderly litigation."); *Johnson v. Village of Brooklyn, IL,* 2015 WL 4148374, at *3

(S.D.Ill. July 9, 2015) ("Because Plaintiff's complaint is too muddled for either the Court

or Defendants to manage, it shall be dismissed without prejudice.").

> Based on Plaintiff's amended complaint, it is not clear Plaintiff will
> be able to cure the deficiencies in his pleading. Nonetheless, in an
> abundance of caution since Plaintiff mentions problems with medical
> care, the Court will allow Plaintiff one FINAL opportunity to file an
> amended complaint. Plaintiff is admonished he MUST follow the Court's
> directions. Plaintiff MUST NOT include any exhibits. Instead, Plaintiff's
> second amended complaint must begin with the first page of the
> complaint form provided to him. *See* February 1, 2020 Merit Review
> Order, p. 4.

Plaintiff was given additional instructions including providing numbered

paragraphs which clearly and concisely stated an intended claim.

> For instance, if Plaintiff is alleging he was denied medical care for a
> serious medical condition, he should first identify the medical condition.
> Plaintiff should concisely state why he needed care, who he asked, when
> and how he asked, what response he received, and any impact it had on
> his condition. February 1, 2020 Merit Review Order 4.

Plaintiff was again reminded he "must not" include unrelated claims against

different Defendants in one lawsuit. February 1, 2020 Merit Review Order, p. 4-5, *citing*

*George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party

are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B

against Defendant 2); *see also* December 9, 2021 Merit Review Order, p. 4.

Finally, Plaintiff was admonished although Courts allow *pro se* litigants some latitude to clarify their claims, "[l]eave to replead will not be allowed after "repeated failure to cure deficiencies.'" February 1, 2021 Merit Review Order, p. 3-4; *quoting Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir. May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Plaintiff's latest motion for leave to amend is granted pursuant to Rule 15 of the Federal Rules of Civil Procedure. [26]; *see also* Fed.R.Civ.P. 15. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's second amended complaint identifies the same 12 Defendants at Illinois River Correctional Center including Mailroom Supervisor Lynette Boughman, Sergeant Shelia Batton, Officer Jonathan Noble, Counselor Durbin, Health Care Administrator J. Meaker, Nurse Brittany Miller-Beard, Dentist Dr. Awada, Dr. Osmundson, Nurse Tracy, Officer Mellisa Rivera, Administrative Review Board Member Sherry Benton, and Officer Rob Stachniak.

3

The body of Plaintiff's second amended complaint is far more concise and there are no exhibits attached.  However, it is still difficult to follow Plaintiff's pleading. The pages are not numbered or ordered in a traditional way. (Sec. Amd. Comp.). For instance, the document spans 20 pages and Plaintiff has indicated the top of one page is "Page 1 of 8," and the bottom half of the same page is labeled "page 7 of 8." (Sec. Amd. Comp., p. 3).[1]

Plaintiff has also used numbered paragraphs, but he has ignored the remainder of the Court's clear instructions.  Plaintiff fails to provide the enough information to clearly put the Defendants and the Court on notice of his specific claims.  In addition, Plaintiff has included unrelated claims against different Defendants. *See* December 9, 2020 Merit Review order, p. 4; February 1, 2020 Merit Review Order, p. 4-5.  Instead, the complaint includes several disjointed allegations.

Plaintiff first alleges he contacted Defendant Mailroom Supervisor Lynette Boughman on May 18, 2020, because she was denying Plaintiff's right to send out legal mail.  Plaintiff claims the Defendant was opening his letters to outside legal organization such as the John Howard Association and letters to the Seventh Circuit Court of Appeals. (Sec. Amd. Comp., p. 9).

"Inmates have a First Amendment right both to send and receive mail, but that right does not preclude prison officials from examining mail to ensure that it does

---

[1] For clarification of the record, the Court has cited to the page numbers in the order they appear in the docket.

not contain contraband." *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005)(internal citation omitted).  An inmate's legal mail is entitled to greater protections because of the potential to interfere with the inmate's right of access to the courts. *Id.* "However, to maintain a claim for denial of access to the courts based on the improperly opening of, or interference with, privileged legal mail, a plaintiff must allege some hindrance to his ability to prosecute a meritorious legal claim." *Hedgespeth v. Bellile*, 2020 WL 3403096, at *2 (W.D.Wis. June 19, 2020); *citing Guajardo-Palma v. Martinson,* 622 F.3d 801, 806 (7th Cir. 2010).

Plaintiff has not alleged the opening of his legal mail had any impact on his ability to litigate any claim. *See Kaufman*, 419 F.3d at 686; *Quartman v. Janos*, 2021 WL 75815, at *5 (E.D.Wis. Jan. 8, 2021).  In addition, Plaintiff does not provide any time frame from when the Defendant opened his mail or how often, nor is it clear if the letters were in fact legal mail.  Plaintiff has failed to clearly articulate a constitutional violation and failed to provide enough information to put the Defendant on notice of the specific conduct involved in his claim.

Plaintiff contends Defendant Sergeant Batton violated Department Rules when she filed a "false police report" and then selected the officer who would preside over the hearing. (Sec. Amd. Comp., p. 9).  While Plaintiff mentions a police report, it is likely he is referring to a disciplinary ticket.  Plaintiff does not say when he received the ticket, the basis of the ticket, when he went before the Adjustment Committee, and whether he was found guilty.  Plaintiff has not provided enough information for the Defendant to

file an answer to his allegation.  In addition, Plaintiff has not clearly articulated a violation of his constitutional rights.

Plaintiff further complains the officers who presided over his disciplinary ticket did not allow him to call witnesses and refused to consider his statements.  Plaintiff has not named either individual as a Defendant.

Defendants Durbin, Rivera, and Stachniak are all employed as correctional officers, but they are still allowed to address prisoner grievances.  Plaintiff believes this violates department rules.  Plaintiff also says it takes a month or two to receive his grievances and the "response is always in the best interest of their peers." (Sec. Amd. Comp., p. 10).  Plaintiff further believes Defendant ARB Member Benton undermines the grievance process by siding with officers. (Sec. Amd. Comp., p. 14, 15) Plaintiff does not point to any specific grievances, nor time frames, nor the specific involvement of any Defendant.

More important, whether or not Plaintiff agrees with the procedure, the Illinois Department of Corrections (IDOC) has an established grievance process. *See* 20 Ill. Admin. Code §§ 504.800 *et seq.*  In addition, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Plaintiff has failed to articulate a constitutional violation.

Plaintiff next maintains Health Care Administrator Meaker has refused to respond to any letters or requests concerning inadequate medical treatment.  Plaintiff has not stated when he sent letters or requests, how often, nor the content of any of his letters or requests.  Plaintiff also does not state what specific medical condition he suffers from or what treatment he needs. Plaintiff notes only medical staff says the conditions are "un-treatable." (Sec. Amd. Comp., p. 6).  The lack of information again means Plaintiff has failed to put the Defendant on notice of his specific claim and he has failed to allege a constitutional violation.

Plaintiff's next allegation is difficult to decipher.  Plaintiff says Defendant Miller-Beard was his nurse, but he then discusses medical problems with his "digestive organs" which began at a previous correctional center. (Sec. Amd. Comp., p. 11). Plaintiff mentions problems eating soy at this facility which he claims lead to high blood pressures and other, unspecified health problems. Plaintiff provides no information about Illinois River Correctional Center, a specific medical condition, or the actions of the named Defendant.  Plaintiff has not articulated a claim against Defendant Miller-Beard.

Plaintiff says Defendant Dr. Osmundson, diagnosed him with "digesting spicy food & ignored my ongoing life- threatening medical problems" in order to protect Defendant Nurse Miller-Beard. (Sec. Amd. Comp., p. 11).  Plaintiff provides no further information and fails to allege a constitutional violation.

Plaintiff says he went to Graham Correctional Center on a writ until December 26, 2019.  Sometime around this period, Defendant Dr. Osmundson denied Plaintiff his

7

medication for three months.  Plaintiff does not say what medication he was denied, what impact the denial had on him, or any other information. Consequently, Plaintiff has failed to allege the Defendant was deliberately indifferent to a serious medical condition.

Plaintiff also notes Defendant Dr. Osmundson and Defendant Nurse Miller-Beard do not write down all of the Plaintiff's medical problems. Plaintiff has not provided any further information.

In addition, Defendant Dr. Osmundson and Defendant Nurse Miller-Beard refuse to treat Plaintiff's medical conditions including arthritis in his lower back, shortness of breath, and C.O.P.D. due to smoking since he was a child.   The Plaintiff is apparently referring to chronic obstructive pulmonary disease which can be caused by long term exposure to cigarette smoke.  Mild forms do not require care other than avoiding cigarette smoke, but other treatments are available to address more severe symptoms.[2]

Plaintiff claims the Defendants have said they "can't medically treat any of these conditions because they are signs" Plaintiff is getting older. (Sec.Amd. Comp., p. 12). Plaintiff does not explain when he asked for care, what symptoms he was suffering, what response he received, and any impact on his condition.

Plaintiff says when nurses are "waiting on" him, Defendant Nurse Tracy has told the nurses not to write down his medical complaints, but instead to refer Plaintiff to the

---

[2] *See* Mayo Clinic, COPD, https://www.mayoclinic.org/diseases-conditions/copd/diagnosis-treatment/ (last visited June 10, 2021).

commissary. (Sec. Amd. Comp., p. 12). Plaintiff says this has happened on three or four occasions and the most recent was April 13, 2020. Plaintiff does not state what medical condition he was suffering from or what medical care he required or how the response impacted any medical condition.

Plaintiff's final claim against Defendant Dr. Osmundson alleges the doctor sent Plaintiff on a "bogus writ in order to put me on lockdown." (Sec. Amd. Comp., p. 14). Apparently, some of Plaintiff's property was lost, stolen, or misplaced during this time-period. A doctor would not be responsible for Plaintiff's housing assignment or property. Plaintiff has failed to articulate a violation of his constitutional rights against Dr. Osmundson, Nurse Miller-Beard, or Nurse Tracy.

Plaintiff says Defendant Dentist Dr. Awada submitted a "fabricated dental report" to the Health Care Administrator. (Sec.Amd.Comp., p. 13). The Court is unable to decipher Plaintiff's intended claim concerning this report.

Plaintiff also alleges the dentist previously pulled a tooth, sometime after December 2019, and it took his "gums three weeks to heal…because he refused to use enough pain-killer." (Sec. Amd. Comp., p. 13). Plaintiff provides no further information. It appears Plaintiff was given painkillers, but Plaintiff believes the medication should have been increased. Plaintiff does not state how he informed the Defendant he needed additional medication and what response he received.

Plaintiff also says Defendant Dr. Awada diagnosed Plaintiff with severe gum disease and bone loss. Plaintiff was told medical staff would develop a treatment plan, but the Defendant Dentist has not responded to any sick call requests since September

9

1, 2020.  Plaintiff further notes the Dentist pulled most of his teeth and he has refused to replace his partial dentures. (Sec. Amd. Comp., p. 16). Defendant Dr. Awadsa also has not cleaned Plaintiff's teeth.

"The unavailability of routine dental cleanings is not a violation of Plaintiff's constitutional rights." *Ruiz v. Stow*, 2021 WL 1601079, at \*3 (C.D.Ill. April 23, 2021). However, it is possible Plaintiff might be able to state a claim based on the denial of his dentures or denial of specific, needed dental care.   Nonetheless, it is not clear if the lack of partial dentures had any impact on the Plaintiff or his ability to eat, nor is it clear when Plaintiff requested the dentures or any other dental care, and what response he received.

It is also somewhat doubtful Plaintiff fully exhausted his administrative remedies for any claim alleging a denial of dental care beginning on September 1, 2020 since Plaintiff filed his original complaint on November 13, 2020.[1]. *See Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002)("exhaustion is a precondition to the filing of a complaint in federal court").


After review of all claims, Plaintiff's second amended complaint is dismissed for failure to follow court orders, failure to put the Court or Defendants on notice of his specific claims, and failure to articulate a constitutional violation. *See Faulkner v. Loftus*, 775 Fed.Appx. 245, 246 (7th Cir. 2019)(dismissal upheld after pro se plaintiff allowed three times to amend, but complaint was "unintelligible" and "too confusing to determine the facts that constitute the alleged conduct.").

10

It is possible Plaintiff may be able to articulate a claim against Defendant Dentist Dr. Awada. Therefore, the Court will allow Plaintiff one final opportunity to clarify this claim only.  To allege a constitutional violation, Plaintiff must provide enough information for the Court and the Defendant to understand what he is alleging. Therefore, Plaintiff must provide time frames for his allegations.  Plaintiff must specifically indicate why he needed dental care and what impact the denial of dental care had on his condition.  For instance, what were his symptoms?  Plaintiff must also explain why Dr. Awada is responsible for his claims.  How did the Dentist know Plaintiff needed more care?

If Plaintiff was denied needed dentures, he must indicate whether the Dentist knew he needed dentures and any problems he suffered without the dentures.

Plaintiff must also clearly number his pages and must not include exhibits.

Plaintiff MUST follow the Court's directions.[3]  This is the third time the Court has given Plaintiff specific instructions to follow to clarify his claims. *See* December 9, 2020 Merit Review Order, p. 4; February 1, 2021 Merit Review Order, p. 4.  If Plaintiff again fails to follow the Court's directions and fails to provide the information needed, his case will be dismissed with prejudice.

Plaintiff is also advised the Court will NOT consider a third amended complaint which repeats the other, previous allegations. Despite three attempts, Plaintiff has failed

---

[3] Plaintiff has successfully filed complaints in other lawsuits. *See i.e. Lewis v Watson,* Case No. 17-3175; *Lewis v Olson*, Case No. 18-3052; and *Lewis v Wexford*, Case No. 18-3071 in the Central District.

to articulate a constitutional violation for claims concerning his mail, grievance process, disciplinary tickets, lost property, and other medical care.  More important, the claims are all unrelated and involve different Defendants. *See George,*507 F.3d at 607. Therefore, if Plaintiff still believes he can state a constitutional violation for any of these allegations, he MUST file separate lawsuits and pay separate filing fees. *See George,*507 F.3d at 607.

Plaintiff is admonished if his third amended complaint again repeats these same, unrelated allegations, the Court will immediately dismiss this lawsuit with prejudice for repeated failure to follow Court orders.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file a second amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [26]

2) Plaintiff's second amended complaint is dismissed for failure to follow Court orders, failure to put the Court or Defendants on notice of the specific claims, and failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A; Fed.R.Civ.P. 8, 10.

3) The Court will allow Plaintiff one FINAL opportunity to file an amended complaint clarifying ONLY his claims against Defendant Dentist Dr. Awada. The third amended complaint must stand complete on its own and must not refer to any previous complaint.  Plaintiff's complaint must provide the specific

information required in this order and must follow the Court's specific directions.  If the Plaintiff again fails to follow the Court's directions, this case will immediately be dismissed with prejudice.

4) Plaintiff must file his proposed amended complaint within 21 days or on or before July 2, 2021.  If the Court does not receive Plaintiff's proposed amended complaint on or before July 2, 2021, his case will be dismissed.

5) The Clerk is to reset the internal Merit Review Deadline within 30 days of this order and provide Plaintiff with another blank complaint form.

Entered this 11th day of June, 2021.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE

13