UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY LEE LEWIS,      Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 20-1395 |
| LYNETTE BOUGHMAN, et. al,      Defendants. | ) ) ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to file a third amended complaint. [40].

I. BACKGROUND

The Court dismissed Plaintiff's original and first amended complaints for failure to clearly articulate a claim pursuant to 28 U.S.C. §1915A and as a violation of Federal Rules of Civil Procedure 8 and 10. *See* December 9, 2020 Merit Review Order; February 1, 2020 Merit Review Order. In each instance, the Court pointed out the specific deficiencies in the pleading and allowed Plaintiff additional time to clarify his claims.

On June 11, 2021, the Court dismissed Plaintiff's second amended complaint for failure to follow Court orders, failure to put the Court or Defendants on notice of the specific claims, and failure to state a claim upon which relief can be granted. *See* June 11, 2021 Merit Review Order.

While the Plaintiff was already given ample opportunities and instructions to clarify his claims, the Court thought it was still possible Plaintiff might be able to

1

articulate a claim against Defendant Dentist Dr. Awada. Therefore, the Court allowed Plaintiff "one final opportunity to clarify **this claim only**." June 11, 2021 Merit Review Order, p. 11 (emphasis added). Plaintiff was again given specific directions to assist him in clarifying his medical claim. *See* June 11, 2021 Merit Review Order, p. 11.

> If Plaintiff again fails to follow the Court's directions and fails to provide the information needed, his case will be dismissed with prejudice. Plaintiff is also advised the Court will NOT consider a third amended complaint which repeats the other, previous allegations. Despite three attempts, Plaintiff has failed to articulate a constitutional violation for claims concerning his mail, grievance process, disciplinary tickets, lost property, and other medical care. More important, the claims are all unrelated and involve different Defendants. *See George,*507 F.3d at 607. Therefore, if Plaintiff still believes he can state a constitutional violation for any of these allegations, he MUST file separate lawsuits and pay separate filing fees. *See George,*507 F.3d at 607.

*See* June 11, 2021 Merit Review Order, p. 11-12. Plaintiff was further admonished if his third amended complaint repeated the same, unrelated allegations, "the Court will immediately dismiss this lawsuit with prejudice for repeated failure to follow court orders." June 11, 2021 Merit Review Order, p. 12.

## II. MERIT REVIEW

Plaintiff has now filed his motion for leave to file a third amended complaint [40] and a letter. [41]. Plaintiff's letter claims he is enduring sexual harassment from two of the Defendants named in his lawsuit, and he wants to provide the Court with a better understanding of the retaliation he is suffering. [41]. Plaintiff's letter is not a proper filing. Any allegations must be stated in the body of a complaint. Plaintiff has had repeated opportunities to state his claims and as noted, he is now limited to any allegations against Defendant Dentist Dr. Awada. Finally, if Plaintiff is now alleging

retaliation and sexual harassment, he must use the grievance procedure at his institution and file a new complaint containing these allegations. Therefore, the Clerk is directed to strike the letter. [41].

Plaintiff's proposed third amended complaint includes two separate complaints. The first complaint names the same 12 Defendants at Illinois River Correctional Center, but the body of the complaint refers only to Dentist Dr. Awada. (Third Amd. Comp., p. 1-15). The second complaint form identifies only Dr. Awada. (Third. Amd. Comp., p. 16- 26).

It is difficult to interpret the claims in the first complaint form provided, but Plaintiff is alleging Defendant Dr. Awada denied him all dental care from December 26, 2019 until March 5, 2020. It is not entirely clear what dental care Plaintiff needed, but liberally construing Plaintiff's claims in his favor, he appears to be alleging the Dentist was aware Plaintiff was in pain and discomfort during this time. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013)(court should must view allegations in light most favorable to plaintiff).

On March 5, 2020, Plaintiff claims the Defendant pulled a tooth which did not need to be pulled because the Dentist refused to provide the appropriate dental care. Defendant Dr. Awada then intentionally refused to provide needed pain killers until March 10, 2020. Plaintiff was forced to remain on a soft food diet for three weeks and he still has problems with his gums where the tooth was pulled.

Plaintiff has adequately alleged Defendant Dr. Awada was deliberately indifferent to his serious dental condition from December 26, 2019 until March or April of 2020.

Plaintiff next alleges a dispute with Defendant Dr. Awada concerning a denture plate in June of 2021. Plaintiff does not clearly articulate this claim. In addition, the allegation concerns a separate incident which occurred months after Plaintiff filed his complaint in November of 2020. Therefore, Plaintiff could not have exhausted his administrative remedies for this claim before filing his original complaint. *See Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002)("exhaustion is a precondition to the filing of a complaint in federal court").

Plaintiff's second complaint form does not clearly allege any additional claims against Defendant Dr. Awada. While Plaintiff does mention the failure to provide regular teeth cleaning, the Court has previously explained the "unavailability of routine dental cleanings is not a violation of Plaintiff's constitutional rights." *Ruiz v. Stow*, 2021 WL 1601079, at *3 (C.D.Ill. April 23, 2021).

CONCLUSION

Plaintiff's third motion for leave to amend is granted pursuant to Federal Rule of Civil Procedure 15. [40]. Plaintiff has one surviving claim alleging Defendant Dentist Dr. Awada violated his Eighth Amendment rights when he was deliberately indifferent to his serious dental condition from December 26, 2019 until March or April of 2020. Plaintiff's claim is limited to the denial of dental care, the inappropriate dental care provided on March 5, 2020, the denial of needed pain medication, and the continued

4

problems in the area where the tooth was pulled. Plaintiff does not have any surviving claims concerning his dentures or teeth cleaning. The Court will dismiss the Defendants named in Plaintiff's previous complaints.

It is not clear whether Plaintiff fully exhausted his administrative remedies for his surviving claim, but this is an issue better addressed in a potential motion for summary judgment. (Third Amd. Comp., p. 7).

Plaintiff is reminded he must not file letters with the Court. Instead, he may file motions or responses to motions or court orders.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the third amended complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has alleged Defendant Dentist Dr. Awada violated his Eighth Amendment rights when he was deliberately indifferent to his serious dental condition from December 26, 2019 until March or April of 2020 as specifically outlined in this order. The claim is against the Defendant in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as

premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendant's Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Plaintiff's third motion for leave to amend is granted. [40]; 2) Dismiss all Defendants except Defendant Dr. Awada for repeated failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Attempt service on Defendant Awada pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; 5) enter the**

**Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act; and 6) Strike Plaintiff's letter as an improper filing. [41].**

Entered this 29th day of July, 2021.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE